# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BROWN AND KIRSTIN BROWN, h/w, Individually and as Guardians of Justin Brown | : : : : | CIVIL ACTION |
| v. | : : | |
| BOARD OF DIRECTORS OF ROSE TREE MEDIA SCHOOL DISTRICT, ROSE TREE MEDIA SCHOOL DISTRICT, PENNCREST HIGH SCHOOL, STEVEN SILVA, ALISA HERMAN-LIU, LYNNE LOUISE HEALY a/k/a Lynne Louise Healy-Castagna and CHRISTOPHER CASTAGNA, Individually and as Parents/Legal Guardians of Minor Defendant J.H., J.H., A Minor, CYNTHIA MARTIN and JOHN DOE, Individually and as Parents/Legal Guardians of Minor Defendant A.H., A.H., A Minor | : : : : : : : : : : : : : | NO. 19-836 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                 **December 30, 2019**

Justin Brown and his parents (collectively, "Brown") bring this action against Penncrest High School, the Rose Tree Media School District, its directors, the principal, and the nurse (the "School District Defendants"), his classmate J.H. and J.H.'s parents (the "Healy Defendants"), and his classmate A.H. and A.H.'s parents (the "Martin Defendants") for claims arising from an assault occurring in the school cafeteria. We have already dismissed the federal claims against the School District Defendants. The remaining claims are supplemental state law causes of action against the Healy and the Martin Defendants. The Martin Defendants have moved to dismiss the amended complaint for lack of subject matter jurisdiction, contending there are no federal claims and no diversity of citizenship to support jurisdiction under either 28 U.S.C. §§ 1331 or

1

1332.

**BACKGROUND**

Justin Brown alleges that on March 1, 2017, he was eating lunch in the Penncrest High School cafeteria when defendant J.H. grabbed him and slammed his face into the table.[1] J.H. then punched him, breaking his nose and bones in his face.[2] Defendant A.H. recorded a video of the assault and later shared it on social media.[3] Brown suffered injuries to his face, eyes, and brain, including a concussion, a broken nose, facial disfigurement, and neurological damage.[4] He alleges that he was bedridden after the attack for at least six weeks.[5]

Brown and his parents filed this action on February 26, 2019, and amended the complaint on June 18, 2019.[6] They asserted federal claims under the Americans with Disabilities Act, the Rehabilitation Act, Title IX, and Section 1983 against the School District Defendants.[7] They allege state law claims for battery, civil conspiracy, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence against the Healy and the Martin Defendants.[8]

On July 24, 2019, we granted the School District Defendants' uncontested motion

---

[1] Pls.' Am. Compl. at ¶¶ 21-22 (ECF No. 17).

[2] *Id.*

[3] *Id.* at ¶ 21.

[4] *Id.* at ¶ 32.

[5] *Id.* at ¶ 33.

[6] Pls.' Compl. (ECF No. 1); Pls.' Am. Compl.

[7] Pls.' Am. Compl. at ¶¶ 66-146.

[8] *Id.* at ¶¶ 147-182.

to dismiss the federal claims against them.[9] On September 5, 2019, default was entered against the Healy Defendants for failing to appear or otherwise respond to the complaint.[10] On November 9, 2019, each Martin Defendant filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[11]

## DISCUSSION

The Martin Defendants assert that after the claims conferring federal question jurisdiction were dismissed, the only remaining claims are the supplemental state law causes of action in Counts VI, VII, VIII, and X against the Healy and the Martin Defendants. They request we decline to exercise supplemental jurisdiction. Brown counters that we should retain jurisdiction because we are "about to enter judgment on the same five (5) state law claims" against the Healy Defendants.[12] Brown argues that "in the interests of judicial economy, convenience, and fairness, the Court can just as easily hear claims against the Martin Defendants."[13]

"Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original) (citing *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)); 28 U.S.C. § 1367(c)(3).

---

[9] July 24, 2019 Order (ECF No. 30).

[10] Pls.' Req. for Default (ECF No. 32).

[11] Mots. to Dism. (ECF Nos. 37, 38, and 39).

[12] Pls.' Resp. at 6.

[13] *Id.*

There is no reason to retain jurisdiction over Brown's state law claims against either the Martin or the Healy Defendants, which may be asserted in state court.[14] Pennsylvania allows litigants to transfer a case dismissed from federal courts for lack of jurisdiction to state court by promptly filing certified transcripts of the final judgment and pleadings from the federal action. 42 Pa. C.S.A. § 5103(b); *Williams v. F.L. Smithe Machine Company*, 577 A.2d 907, 910 (Pa. Super. 1990). Pennsylvania courts then treat such a transferred case as filed in state court as of the date the case was filed in federal court. 42 Pa. C.S.A. § 5103(a). Following a jurisdictional dismissal of state claims from federal court under 42 U.S.C. § 1367, a plaintiff has the amount of time that remained on the limitations period at the time they filed the federal action plus a thirty-day grace period to re-file in state court. *Artis v. District of Columbia*, 138 S. Ct. 594, 598 (2018).

Although default has been entered against the Healy Defendants, judgment has not been entered. The status of the case against the Healy Defendants is not an impediment to pursue a judgment against them in state court. With respect to the state law claims for battery, civil conspiracy, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence, we shall decline to exercise supplemental jurisdiction. Therefore, we shall grant the Martin Defendants' motion to dismiss without prejudice to Brown transferring the case to the Pennsylvania court so he may pursue his

---

[14] Although the Healy Defendants are not parties to the motions to dismiss, we may dismiss claims against them if the claims suffer from the same defects raised in the moving parties' motions. *Minn. Lawyers Mut. Ins. Co. v. Ahrens*, 432 F. App'x 143, 148 (3d Cir. 2011) (quoting *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) (stating that the court may *sua sponte* dismiss a claim as to non-moving defendants where the inadequacy of the claim is clear)). A claim against a non-moving party may be dismissed if the claims against all defendants are "integrally related" or where the non-moving defendants are in a similar position to the moving defendants. *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993). Therefore, because the Healy Defendants and the Martin Defendants are in the same position, we consider the Martin Defendants' motions to dismiss as applying to the Healy Defendants.

claims against them and the Healy Defendants.